IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11050
Summary Calendar
_____

ROBERT D. RILEY,

Plaintiff-Appellant

versus

ADMINISTRATOR OF THE SUPERSAVER
401K CAPITAL ACCUMULATION PLAN FOR
EMPLOYEES OF PARTICIPATING AMR
CORPORATION SUBSIDIARIES,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
---------------------
May 1, 2000

Before POLITZ, WIENER, and PARKER, Circuit Judges.

WIENER, Circuit Judge:

Plaintiff-Appellant Robert D. Riley appeals the take-nothing judgment of the district court in his ERISA[1] suit against Defendant-Appellee Administrator of the SuperSaver 401K Capital Accumulation Plan for Employees of Participating AMR Corporation Subsidiaries ("the Plan"). Riley claims that the Plan failed to pay benefits owed and breached its fiduciary duty by failing to provide complete and accurate information about the Plan. The Plan filed a motion for summary judgment seeking dismissal of Riley's action and an award of attorneys' fees and costs pursuant to §

---
[1] Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq.

502(g) of ERISA.[2] The district court granted the Plan's motion in part by rejecting Riley's claims against the Plan, but denied the part of the Plan's summary judgment motion that sought attorneys' fees and costs. Riley has appealed the adverse judgment on the substance of his ERISA claims; but the Plan neither cross-appealed the district court's denial of costs and attorneys' fees nor briefed that issue to us, so it is waived.

## I.

## MERITS

We have carefully reviewed the facts as revealed by the record on appeal, the appellate briefs and record excerpts of the parties, and the Memorandum Opinion and Order of the district court, in the context of the applicable law as briefed to us by the parties and as set forth in the district court's opinion. As a result of our review, we are satisfied that the district court's clear and detailed analysis of this case is correct and that the ultimate ruling on the merits of Riley's claims is free of error. Consequently, we would merely waste judicial resources by writing further on the issues raised by Riley. We therefore affirm the take-nothing judgment of the district court for essentially the reasons set forth in its Memorandum Opinion and Order.

## II.

## ATTORNEYS' FEES

As the Plan did not appeal or brief the question of its

---

[2] 29 U.S.C. § 1132(g)(1).

entitlement to attorneys' fees under ERISA, that issue is not before us. We are nevertheless constrained to observe that — even under the deferential abuse of discretion standard of review — the district court's ruling on that point could not have been sustained had it been appealed.

The court began correctly by invoking the five-factor test we established in <u>Iron Workers Local No. 272 v. Bowen</u>,[3] as quoted in <u>Dial v. NFL Player Supplemental Disability Plan</u>.[4] The <u>Bowen</u> factors are:

1.  The degree of the opposing parties' culpability or bad faith;

2.  The ability of the opposing parties to satisfy an award of attorneys' fees;

3.  Whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;

4.  Whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant question regarding ERISA itself; and

5.  The relative merits of the parties' positions.[5]

After quoting all five of the <u>Bowen</u> factors, however, the district court stated, "[i]n the instant cause, the Court's analysis begins and ends with the degree of Riley's culpability or

---

[3] 624 F.2d 1255, 1266 (5th Cir. 1980).

[4] 174 F.3d 606, 613-14 (5th Cir. 1999).

[5] <u>Id.</u>

3

bad faith." Thus the court never reached the remaining four <u>Bowen</u> factors. Yet, nothing in <u>Bowen</u>, <u>Dial</u>, or other precedents on point can be read to endow the single factor of culpability or bad faith with exclusive powers of control. By ending its inquiry after considering only that one factor and ignoring the rest, the district court abused its discretion.

Irrespective of whether we might agree or disagree with the district court's analysis of that one factor (indeed had it been before us <u>de</u> <u>novo</u>, we might well have disagreed with the district court, given Riley's dogged pursuit of the claim in the face of little or no legal or factual bases, as demonstrated by his failure to address a number of the Plan's winning contentions at summary judgment), the deferential abuse of discretion standard of review would have prevented us from substituting our conclusion for the trial court's on that one factor. It is nevertheless conceivable that the results of an examination of all remaining factors might have outweighed the absence of culpability or bad faith by demonstrating that Riley had the ability to satisfy an award of attorneys' fees, that such an award would deter other retirees and plan participants from pursuing legally and factually meritless claims, that the Plan's recovery of attorneys' fees would benefit all participants and beneficiaries by recouping Plan assets spent defending such litigation, and that the relative merits of the Plan's position was (as is obvious) clearly superior to Riley's. Had the court considered all the <u>Bowen</u> factors (and any relevant

4

non-<u>Bowen</u> factors as well) and reached conclusions favorable to the Plan, the court in its discretion might well have awarded attorneys' fees to the Plan despite the absence of bad faith on Riley's part.

Albeit <u>dicta</u> under these circumstances, we are constrained to write and publish this analysis to dispel any mistaken belief among the courts of this circuit or potential ERISA litigants that alone the factor of culpability and bad faith somehow supplants the other <u>Bowen</u> factors and conclusively determines the outcome of the attorneys' fees issue. To the contrary, <u>Bowen</u> makes clear that (1) the list of five factors to be considered in an ERISA § 502(g) attorneys' fees case is a non-exhaustive, <u>ejusdem generis</u> list ("[A] court should consider <u>such factors as</u> the following [five factors]....[I]n any individual case, however, <u>other considerations may be relevant as well</u>.")[6] and (2) none among the five listed factors is entitled to greater weight —— much less unilaterally determinative powers —— than any of the others ("No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address in applying Section 502(g).").

In sum, when considering a request for attorneys' fees under § 502(g) of ERISA, the court should consider and explicate the five <u>Bowen</u> factors, and should do so without giving predominance or

---

[6]  <u>Bowen</u>, 624 F.2d at 1266 (emphasis added); <u>see</u> <u>also</u> <u>Dial</u>, 174 F.3d at 614 ("the district court's opinion mentions no relevant non-<u>Bowen</u> factors").

preclusive effect to any one of them; and the court should also consider relevant non-Bowen factors, if there are any.

## III.

## CONCLUSION

For the reasons set forth in the district court's clear and comprehensive opinion, the judgment of that court is, in all respects,

AFFIRMED.