**W.A. GRIFFIN, MD d/b/a Intown Dermatology, Plaintiff,**

v.

**BLUE CROSS AND BLUE SHIELD HEALTHCARE PLAN OF GEORGIA, INC., Blue Cross and Blue Shield of Alabama, and the General Electric Company, Defendants.**

**CIVIL ACTION NO. 1:14-CV-1610-AT**

United States District Court, N.D. Georgia, Atlanta Division.

Signed 03/12/2015

W. A. Griffin, Atlanta, GA, pro se.

Betty Bush Walker, Bush & Miller, Attorneys at Law, P.C., College Park, GA, for Plaintiff.

Jaime L. Theriot, ATTORNEY TO BE NOTICED, Lindsey B. Mann, Troutman Sanders, LLP, Atlanta, GA, Cavender C. Kimble, Balch & Bingham, Birmingham, AL, ATTORNEY TO BE NOTICED, for Defendants.

### ORDER

Amy Totenberg, United States District Judge

This matter is before the Court on Defendants Blue Cross and Blue Shield of Alabama ("BCBS AL") and General Electric Company's ("GE") Motion to Dismiss [Doc. 4]. For the following reasons, the Motion is **GRANTED**.

## I. BACKGROUND FACTS

Plaintiff Griffin operates a solo dermatology practice called Intown Dermatology. (Compl.¶ 3.) As a condition of service, Plaintiff requires her patients to assign their health insurance benefits to her. (*Id.*) Having received this assignment from a patient named TD, Plaintiff performed three surgeries on TD and then attempted to collect from TD's insurance. (*Id.* ¶¶ 12, 18, 21.) TD is a GE employee and beneficiary of a group health benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. ch. 18.[1]

After each surgery, Plaintiff was paid less than she believed she was owed as an "out-of-network" provider who was told she would be compensated at the "usual

customary and reasonable benefit levels." (*Id.*) Each time, Plaintiff sought recompense through both "level 1" and "level 2" appeals, (*id.* ¶¶ 12–22), including in each appeal a request for a copy of the summary plan description and other documents relating to the calculation of amounts paid. All six of those times, Plaintiff's appeal was denied and no plan information was relayed.

All six of those benefit payment appeals appear to have been sent to Blue Cross Blue Shield Healthcare Plan of Georgia ("BCBS GA"), (*id.*), which, like BCBS AL, is a "claims administrator" of TD's ERISA-governed healthcare plan. (*Id.* ¶ 7.) None of the appeals is alleged to have been sent to GE, the "plan administrator." (*Id.* ¶ 4.)

Plaintiff wants her money, and she wants penalties against all companies that allegedly failed to perform their duties under ERISA. Consequently, she has filed a Complaint alleging three claims against all Defendants.[2] Count 1 alleges failure to pay ERISA plan benefits and to provide a meaningful appeals process in violation of 29 U.S.C. § 1132(a)(1)(B). Count 2 alleges breach of fiduciary duties to pay benefits and to provide a meaningful appeals process, as well as improper delegation of duties, all in violation of 29 U.S.C. § 1132(a)(3).[3] Count 3 alleges failure to disclose or to produce plan documents pursuant to 29 U.S.C. §§ 1024(b), 1104, and 1133(2). In total, Plaintiff seeks $8,718.94 for unpaid services and $104,910.00 in penalties (as of May 28, 2014). (*Id.* ¶ 13.)

---

1. TD's employment and beneficiary status are implicit in the Complaint and clarified in the Response. (Doc. 7 at 4.)

2. Plaintiff has filed a Motion for Leave to File an Amended Complaint [Doc. 22] that would add three more counts. The Court **DEFERS** ruling on that motion until a later date.

3. Plaintiff's Complaint labels Count 2 as a violation of § 1132(a)(2), but it is obvious from the Complaint and Plaintiff's Response to Defendants' Motion to Dismiss that Plaintiff considers Count 2 a § 1132(a)(3) violation. (*See* Doc. 7 at 1–3; Doc. 8 at 2 n.1.)

## II. LEGAL STANDARD

This Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1216 (3d ed.2002); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Duke v. Cleland,* 5 F.3d 1399, 1402 (11th Cir.1993). Plaintiff need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955).

## III. DISCUSSION

Defendants BCBS AL and GE ("MTD Defendants") move to dismiss Counts 2 and 3 under Rule 12(b)(6). They argue that Count 2, for breach of fiduciary duty, is duplicative of Count 1. They argue that Count 3 should be dismissed because Plaintiff asked the wrong party for the plan information. Plaintiff responds that Count 2 was filed in the alternative, and, at any rate, Plaintiff is not precluded from seeking remedies under both sections of the statute at this time. With regard to Count 3, Plaintiff argues that third-party claims administrators can be liable as *de facto* plan administrators, and, in this case, they should be.

### A. Count 2

MTD Defendants argue that Count 2 is duplicative of Count 1. Count 1 alleges failure to pay ERISA plan benefits and to provide a meaningful appeals process in violation of 29 U.S.C. § 1132(a)(1)(B). Count 2 alleges a breach of fiduciary duties to pay benefits and provide a meaningful appeals process, as well as improper delegation of duties, all in violation of 29 U.S.C. § 1132(a)(3).

In *Harrison v. Digital Health Plan,* the Eleventh Circuit affirmed the dismissal of a § 1132(a)(3) claim that was duplicative of a § 1132(a)(1)(B) claim. 183 F.3d 1235, 1237 n. 1 (11th Cir.1999) ("We find no error in the district court's ... dismissal of plaintiff's claim for breach of fiduciary duty as duplicative of Count I for recovery of medical benefits under 29 U.S.C. § 1132(a)(1)(B)."). The district court in *Harrison* reasoned:

> [D]efendants argue that plaintiff's claim for breach of fiduciary duty must also be dismissed because it is duplicative of her claim for unpaid medical benefits. The Court agrees. ERISA authorizes only "appropriate equitable relief" for breaches of fiduciary duty. 29 U.S.C. § 1132(a)(3). Where the statute elsewhere provides adequate relief for an injury, however, "there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.' " *Varity Corp. v. Howe,* 516 U.S. 489, 116 S.Ct. 1065, 1079, 134 L.Ed.2d 130 (1996). Plaintiff's claim for breach of fiduciary duty essentially restates her claim that defendants wrongfully refused to pay her medical benefits, a claim for which ERISA elsewhere provides an adequate remedy. *See* 28 U.S.C. § 1132(a)(1)(B). Therefore, the breach of fiduciary duty claim

fails to state a claim on which relief can be granted.

*Harrison v. Digital Health Plan*, No. 1:98–CV–348–MHS, 1998 WL 1157098, at *3 (N.D.Ga. June 24, 1998) rev'd on other grounds, 183 F.3d 1235 (11th Cir.1999). Harrison is by no means an outlier. *See, e.g., Jones v. Am. Gen. Life & Acc. Ins. Co.*, 370 F.3d 1065, 1073–74 (11th Cir.2004) (holding § 1132(a)(3) claim is properly dismissed where the supporting allegations were sufficient to state a cause of action under § 1132(a)(1)(B), "regardless of the relief sought, and irrespective of the [plaintiffs'] allegations supporting their other claims."); *Katz v. Comprehensive Plan of Grp. Ins.*, 197 F.3d 1084, 1088–89 (11th Cir.1999) (holding an ERISA plaintiff with an adequate remedy under § 1132(a)(1)(B) could not alternatively plead and proceed under § 1132(a)(3)).

■■■ Plaintiff admits that Count 2 is duplicative of Count 1, and that Count 2 would be ripe for dismissal if MTD Defendants were to concede that the "allegations of misconduct are sufficient to state a claim for benefits" under § 1132(a)(1)(B). (Doc. 7 at 2 (quoting *Rosario v. King & Prince Seafood Corp.*, No. CV 204–036, 2006 WL 2367130, at *10 (S.D.Ga. Mar. 7, 2006) (Bowen, J.)).) MTD Defendants have conceded, (Doc. 8 at 2), and this Court finds that the allegations supporting Count 2 are sufficient to state a cause of action under Count 1. Accordingly, Count 2 is **DISMISSED** as against the BCBS AL and GE.

## B.   Count 3

The administrator of an ERISA-governed employee benefit plan "shall, upon written request of any participant or bene-

ficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). Only the plan administrator is subject to penalties for failing to comply with § 1024(b)(4)'s disclosure requirements. 29 U.S.C. § 1132(c)(1); *see also Byars v. Coca–Cola Co.*, 517 F.3d 1256, 1270–71 (11th Cir.2008) (explaining that district court properly refused to award penalties against an administrative services provider because ERISA "only permits an award of penalties [for nondisclosure of § 1024(b)(4) material] against the plan administrator."); *Maxwell v. Blue Cross Blue Shield Healthcare Plan of Georgia*, No. 1:07–CV–1971–RWS, 2009 WL 734115, at *3 (N.D.Ga. Mar. 18, 2009) ("The Eleventh Circuit has specified that § 1132(c)(1) only permits an award of penalties against the *plan administrator*.").

ERISA defines the term "administrator" as:

(i) the person specifically so designated by the terms of the instrument under which the plan is operated;

(ii) if an administrator is not so designated, the plan sponsor; or

(iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

29 U.S.C. § 1002(16)(A).

Here, the Complaint alleges that GE is "the plan administrator and sponsor of the present case." (Compl.¶ 4.) GE's general benefits handbook [4] also states that GE is

---

4.   The Motion to Substitute Exhibit [Doc. 9] is **GRANTED**, and the contents of the substituted exhibit – GE's general employee benefits handbook – is properly considered under Rule 12(b)(6). *See Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364 (11th

Cir.1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule

the plan administrator, (Doc. 10–1 at 36), and that GE is the party to contact "[t]o request a copy of a particular plan document." (*Id.* at 37.) Plaintiff does not contest that the general benefits handbook applies to the plan at issue in this case. LR7.1B, NDGa. Accordingly, under both § 1002(16)(A)(i) and § 1002(16)(A)(ii), GE is the plan administrator.

Plaintiff contends that the Defendants to whom requests for information were sent – namely, BCBS AL and BCBS GA – can still be liable as *de facto* plan administrators. However, "where a plaintiff has sought to hold a third-party administrative services provider liable, rather than the employer, [the Eleventh Circuit has] rejected the *de facto* plan administrator doctrine." *Oliver v. Coca Cola Co.*, 497 F.3d 1181, 1194 (11th Cir.2007) *reh'g granted, opinion vacated in part on other grounds,* 506 F.3d 1316 (11th Cir.2007) *and aff'd in part,* 546 F.3d 1353 (11th Cir.2008); *see also Aleksiev v. Metropolitan Life Ins. Co.,* No. 1:10–cv–3322–SCJ, Doc. 33 at 68–72 (N.D.Ga. Mar. 9, 2012) (holding delegation of claims administration does not make claims administrator *de facto* plan administrator); *Maxwell,* 2009 WL 734115, at *5 (holding same).

Even if the Court were to avoid the Eleventh Circuit's broad holdings, Plaintiff still fails to sufficiently allege *de facto* plan administration. Under the *de facto* test, "it is necessary to examine 'the factual circumstances surrounding the administration of the plan, even if these factual circumstances contradict the [plan administrator] designation in the plan document.'" *Oliver,* 497 F.3d at 1193 (quoting *Hamilton v. Allen–Bradley Co.,* 244 F.3d 819, 824 (11th Cir.2001)). The principal factual circumstance considered is whether the non-named party "assumed any of the [ad-

ministrator's] duties regarding the provision of information to participants." *Hunt v. Hawthorne Associates, Inc.,* 119 F.3d 888, 914–15 (11th Cir.1997).

Plaintiff's Complaint does not contain any allegations or circumstances sufficient to permit this Court to infer that the two organizations to whom requests for information appear to have been sent – BCBS AL and BCBS GA – assumed any information dissemination duties. In fact, the Complaint alleges the opposite: when the BCBSes were asked for plan documentation, they did not provide it. Accordingly, since no requests for plan information were submitted to the GE, the actual plan administrator, Count 3 must be **DISMISSED** as against BCBS AL and GE.

## IV. CONCLUSION

For the foregoing reasons, Defendants GE and BCBS AL's Motion to Dismiss Counts 2 and 3 [Doc. 4] is **GRANTED**.

**IT IS SO ORDERED** this 12th day of March, 2015.

---

12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into

a motion for summary judgment." (citing *Venture Assoc. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir.1993)).