**W.A. GRIFFIN, MD d/b/a Intown Dermatology, Plaintiff,**

v.

**BLUE CROSS AND BLUE SHIELD HEALTHCARE PLAN OF GEORGIA, INC., Blue Cross and Blue Shield of Alabama, and the General Electric Company, Defendants.**

**CIVIL ACTION NO. 1:14–CV–1610–AT**

United States District Court, N.D. Georgia, Atlanta Division.

Signed April 24, 2015

W.A. Griffin, Atlanta, GA, pro se.

Betty Bush Walker, Bush & Miller, Attorneys at Law, P.C., College Park, GA, for Plaintiff.

Cavender C. Kimble, Balch & Bingham, Birmingham, AL, for Defendants.

## ORDER

Amy Totenberg, United States District Judge

This is an action to collect benefits under an employer-sponsored group health benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). It is currently before the Court on Defendant Blue Cross and Blue Shield Healthcare Plan of Georgia, Inc.'s ("BCBSHP Georgia" or "Defendant") Motion for Summary Judgment [Doc. 14].

## I. BACKGROUND FACTS [1]

Plaintiff Dr. W.A. Griffin operates a solo dermatology practice called Intown Dermatology. (Compl.¶ 3.) As a condition of service, Plaintiff requires her patients to assign their health insurance benefits to her. (*Id.*) Having received this assignment from a patient with the initials V.H., Plaintiff performed three surgeries on V.H. and then attempted to collect from V.H.'s insurance. (*Id.* ¶¶ 12, 18, 21; Defendant's Statement of Material Facts ("DSMF") ¶¶ 1, 13.) V.H. is a participant of The General Electric Company's ("GE") employer-sponsored group health benefit plan (the "Plan") governed by ERISA. (DSMF ¶¶ 2–3.)

After each surgery, Plaintiff was paid less than she believed she was owed as an "out-of-network" provider who was told she would be compensated at the "usual customary and reasonable benefit levels." (Compl. ¶¶ 12, 18,21; DSMF ¶¶ 8, 13.) Each time, Plaintiff sought recompense through both "level 1" and "level 2" appeals, (Compl.¶¶ 12–22), including in each appeal a request for a copy of the sum-

---

1. Plaintiff did not submit a statement of material facts, LR56.1B(1), NDGa, or a response to the Defendant's statement, LR56.1B(2)a, NDGa, because "Plaintiff believes the facts stated [in Defendant's statement of material facts] were accurate." (Doc. 23 ¶ 12.) For context, undisputed facts are also culled from the Complaint.

mary plan description and other documents relating to the calculation of amounts paid. All six of those times, Plaintiff's appeal was denied and no plan information was relayed. (DSMF ¶¶ 10–13.)

Defendant Blue Cross and Blue Shield of Alabama ("BCBS Alabama") is the claims administrator of the Plan, (DSMF ¶ 4), and Defendant BCBSHP Georgia is a separate entity that has "very limited responsibilities" regarding the Plan. (*Id.* ¶ 5.)[2] BCBS Alabama uses BCBSHP Georgia as its liaison for claims made by Georgia providers. (*Id.* ¶ 6.) In this capacity, BCBSHP Georgia receives providers' claims, forwards them to BCBS Alabama, and then issues payments as directed by BCBS Alabama out of non-BCBSHP Georgia funds. (*Id.* ¶¶ 6–9.) BCBSHP Georgia "has no authority to make any benefits determinations or to decide appeals" and "does not fund benefits under the Plan and did not fund the benefits at issue in this case." (*Id.* ¶¶ 7, 9.)

All six of Plaintiff's benefit payment appeals and all requests for information were sent to BCBSHP Georgia, and each time, BCBSHP Georgia forwarded the communication to BCBS Alabama. (*Id.* ¶¶ 10–13.) None of the appeals or requests for information was sent to GE, the "Plan Administrator." (*Id.* ¶ 4.)

Plaintiff wants her money, and she wants penalties against all companies that allegedly failed to perform their duties under ERISA. Consequently, she has filed a Complaint alleging three claims against all Defendants.[3] Count 1 alleges failure to pay ERISA plan benefits and to provide a meaningful appeals process in violation of 29 U.S.C. § 1132(a)(1)(B). Count 2 alleges breach of fiduciary duties to pay benefits and to provide a meaningful appeals process, as well as improper delegation of duties, all in violation of 29 U.S.C. § 1132(a)(3).[4] Count 3 alleges failure to disclose or to produce plan documents pursuant to 29 U.S.C. §§ 1024(b), 1104, and 1133(2). The Court has already dismissed Counts 2 and 3 as against BCBS Alabama and GE. (Doc. 29.)

## II. LEGAL STANDARD

The Court may grant summary judgment only if the record shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A factual dispute is material if resolving the factual issue might change the suit's outcome under the governing law. *Id.* The motion should be granted only if no rational fact

---

**2.** The Court did not fully appreciate the relationship between BCBSHP Georgia and BCBS Alabama prior to BCBSHP Georgia's detailed briefing on this issue. In a prior Order, the Court erroneously referred to both BCBSHP Georgia and BCBS Alabama as "claims administrators." (Doc. 29 at 2.) BCBSHP Georgia was not affected by that Order, so the precise classification of BCBSHP Georgia did not matter at that point in the litigation. Here, the classification does matter, so the Court explicitly clarifies and corrects its prior description.

**3.** Plaintiff's Motion for Leave to File an Amended Complaint [Doc. 22] is DENIED as MOOT. (*See* Docs. 31, 32.)

**4.** Plaintiff's Complaint labels Count 2 as a violation of § 1132(a)(2), but it has become obvious through the course of litigation that Plaintiff considers Count 2 a § 1132(a)(3) violation. (*See* Doc. 7 at 1–3; Doc. 8 at 2 n.1.)

finder could return a verdict in favor of the nonmoving party. *Id.* at 249, 106 S.Ct. 2505.

When ruling on the motion, the Court must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in the non-moving party's favor. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). The moving party need not positively disprove the opponent's case; rather, the moving party must establish the lack of evidentiary support for the non-moving party's position. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party meets this initial burden, in order to survive summary judgment, the non-moving party must then present competent evidence beyond the pleadings to show that there is a genuine issue for trial. *Id.* at 324–26, 106 S.Ct. 2548. The essential question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. 2505.

 The factual background above does not constitute actual findings of fact. The Court derives the facts below from the evidence in the record, and views these facts in the light most favorable to the Plaintiff. As noted *supra* n.1, Plaintiff did not file a Statement of Material Facts or a response to Defendant's Statement of Material Facts because "Plaintiff believes the facts stated [in the DSMF] were accurate." (Doc. 23 ¶ 12.)[5] Accordingly, the only is-

sue is whether the above facts entitle Defendant BCBSHP Georgia to judgment as a matter of law. Defendant BCBSHP Georgia has moved for summary judgment as to all three counts.

## III. DISCUSSION

### A. Count 1

 Count 1 alleges BCBSHP Georgia is liable for improper denial of benefits under § 1132(a)(1)(B). Defendant contends it cannot pay the benefits sought and therefore cannot be held liable. "[T]he relief provided in an action to recover benefits under [§ 1132(a)(1)(B) ] of ERISA is equitable, not legal [;] ... the relief consists of an order directing a person or entity *having the necessary authority* under the benefit plan to pay the participant the benefit that he seeks." *Hunt v. Hawthorne Assocs., Inc.,* 119 F.3d 888, 906–07 (11th Cir.1997) (emphasis added); *see also Brucks v. Coca–Cola Co.,* 391 F.Supp.2d 1193, 1213 (N.D.Ga.2005) (citing *Hunt,* 119 F.3d at 906–908).

In *Hunt,* the Eleventh Circuit held a trust administrative committee could not be held liable under § 1132(a)(1)(B) where the committee was delegated limited administrative duties and did not have the ability to issue or deny payment of benefits under the plan at issue there. *Id.* at 908–09. The court was not persuaded to abandon this rule even considering the fact that the party that *could* issue those benefits had already been dismissed with prejudice—and therefore the relief may not have been available at all. *Id.* at 910–911.

---

5. This case is rife with procedural hiccups. For example, Plaintiff failed to file a timely Response to Defendant's Motion for Summary Judgment due to a "complication." (*See* Declaration of Christopher Howlette, Doc. 23–2 ¶¶ 3–6.) Plaintiff later moved for leave to file an untimely Response. "A party should not

be punished for his attorney's mistake absent a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Ford v. Fogarty Van Lines, Inc.,* 780 F.2d 1582, 1583 (11th Cir.1986) (citation omitted). Plaintiff's Motion [Doc. 23] is therefore GRANTED.

It is undisputed that BCBSHP Georgia "has no authority to make any benefits determinations or to decide appeals." (DSMF ¶ 7; Affidavit of Sharon Mos ¶ 6.) It is also undisputed that BCBSHP Georgia "does not fund benefits under the Plan and did not fund the benefits at issue in this case." (DSMF ¶ 9; Mos Aff. ¶ 8.) Without the ability to pay, BCBSHP Georgia is not a proper defendant to Count 1. Accordingly, BCBSHP Georgia's Motion is GRANTED as to Count 1.

## B. Count 3

■ Skipping to Count 3, that Count alleges failure to disclose or to produce plan documents pursuant to 29 U.S.C. §§ 1024(b), 1104, and 1133(2). Defendant BCBSHP Georgia's liability under Count 3 is not materially different from BCBS Alabama's liability under that Count. To avoid duplication, the Count 3 analysis from the Court's March 12, 2015 Order, (Doc. 26 at 6–8), is adopted here. That analysis results in a finding that neither BCBS Alabama nor, here, BCBSHP Georgia, is the Plan Administrator either by designation in plan documentation, by statutory determination, or under the *de facto* test. Accordingly, BCBSHP Georgia is GRANTED summary judgment on this count as well.

## C. Count 2

■ Finally, Count 2 alleges breach of fiduciary duty to pay benefits and to provide a meaningful appeals process in violation of 29 U.S.C. § 1132(a)(3). Plaintiff claims that that BCBSHP Georgia in particular breached its fiduciary duty by failing to "pass a request for the Summary Plan Description and service contract(s) to the plan sponsor and administrator, the General Electric Company." (Response at 1.) BCBSHP Georgia argues: A) that it did not have a fiduciary duty to Plaintiff; and B) even if it did, it discharged that duty when it forwarded Plaintiff's requests to the claims administrator, BCBS Alabama.

■ The Court doubts that BCBSHP Georgia is a fiduciary under the plan. "[T]he facts necessary to determine whether [an employer] is a fiduciary under the plan are identical to those which go to determine whether [that employer] is a plan administrator. ERISA defines a fiduciary with respect to the plan as someone who has any discretionary authority over the administration of the plan." *Hamilton v. Allen–Bradley Co., Inc.*, 244 F.3d 819, 826 (11th Cir.2001) (citing 29 U.S.C. § 1002(21)(A)). The Court already decided in the Count 3 analysis above that BCBSHP Georgia is not a plan administrator, and that determination itself indicates that BCBSHP Georgia likely does not exercise discretionary authority over the administration of the plan.

A comparison of Plaintiff's facts with those in *Hamilton* also leads to the same conclusion. In *Hamilton*, the employee sought long-term disability and was told all requests had to go through the employer's human resource ("HR") department. 244 F.3d at 822. The human resource department handed out claims forms at its discretion and fielded questions about the plan from employees. *Id.* at 824. When Hamilton sought a claim form, the director of HR refused to give her one and told her multiple times that she did not qualify. *Id.* at 822. The employer was also listed in at least one part of the plan documentation as one of the "agents to administer the Plan," *id.* at 824, though other parts clearly stated the plan administrator as another entity. The Court held that the employer was "in sufficient control over the process to qualify as the plan administrator notwithstanding the language of" the other parts of the plan documentation;

*id.* and therefore had "a fiduciary duty that obligated it, at the very least, to forward [the employee's] requested claim to [the claims administrator]." *Id.* at 826.

The undisputed evidence shows that BCBSHP Georgia has no discretion in its capacity as BCBS Alabama's Georgia liaison. Unlike in *Hamilton,* BCBSHP Georgia does not decide whether to provide benefit application forms to beneficiaries or whether an application is meritorious enough to relay it to the plan or claims administrator. There is no evidence or allegation that BCBSHP Georgia ever fielded any questions about the Plan at issue here. BCBSHP Georgia's sole job is to receive requests and send them along to BCBS Alabama, and then "take direction" from BCBS Alabama. (Mos Aff. ¶ 6.) BCBSHP Georgia "has no authority to make any benefits determinations or to decide appeals." (*Id.* ¶ 6.) What it receives, it relays, and when BCBS Alabama says "Pay," BCBSHP Georgia asks, "How much?" Without "any discretionary authority over the administration of the plan," *Hamilton,* 244 F.3d at 826, BCBSHP Georgia is not a fiduciary.

■ Finally, even if BCBSHP Georgia had a fiduciary duty to Plaintiff, it likely discharged that duty. The undisputed evidence shows that BCBSHP Georgia forwarded all of Plaintiff's correspondence to BCBS Alabama. (*See* DSMF ¶¶ 8, 11–13; Mos Aff. ¶¶ 6, 7, 9–11.) That includes all requests for benefits and all requests for plan documentation. So if such a duty existed, BCBSHP Georgia fulfilled it by forwarding anything it received from Plaintiff to BCBS Alabama. Accordingly, the Court also GRANTS BCBSHP Georgia's Motion as to Count 2.

Though this is the law, the facts presented here are somewhat concerning. If all communication between BCBS Alabama and Plaintiff was routed through BCBSHP Georgia, which appears to have been the case, then BCBSHP Georgia was aware of all information BCBS Alabama had sent to Plaintiff. That means BCBSHP Georgia was aware that BCBS Alabama had not sent back to Plaintiff the Summary Plan Description requested (Doc. 7–2 at 6) (the "Request") or any information about the identity of the plan administrator, GE. Plaintiff did not know who the plan administrator was, and the Request clearly demonstrates that ignorance.

How is Plaintiff[6], and how are others in her position, supposed to find out? One would expect that she could simply ask the *only* entity she contacts in regard to the Plan: BCBSHP Georgia. Her plan documentation Request, while sometimes difficult to follow, offers an avenue for BCBSHP Georgia or BCBS Alabama to relay to her the plan administrator's information: the last page is a form that one of the BCBSes could have completed and sent back to her. On that fill-out the blanks form, there are multiple places where one of the BCBSes could have written that GE is the plan administrator and therefore the proper recipient of any plan documentation request. Neither one did, and both of them knew that neither one did. The BCBSes may not have been legally obligated to relay GE's information, but doing so would have been good business practice and the right thing to do.

## IV. CONCLUSION

Nonetheless, for the foregoing reasons, Defendant BCBSHP Georgia's Motion for Summary Judgment [Doc. 14] is **GRANT-**

---

**6.** A physician disconnected from the patient's employer (GE—the plan administrator).

ED and BCBSHP Georgia is **DISMISSED** from the case.

**IT IS SO ORDERED.**