W.A. GRIFFIN, Plaintiff,

v.

HABITAT FOR HUMANITY INTERNATIONAL, INC., Defendant.

CIVIL ACTION NO. 1:15–CV–0369–AT

United States District Court, N.D. Georgia, Atlanta Division.

Signed July 29, 2015

W. A. Griffin, MD, Atlanta, GA, pro se.

Scott Van Wagner, Jr., Tiffany D. Downs, Ford & Harrison LLP, Atlanta, GA, for Defendant.

### ORDER

Amy Totenberg, United States District Judge

This matter, one of a series of actions brought by Dr. Griffin,[1] is before the Court on Defendant Habitat for Humanity, Inc.'s ("Habitat") Motion to Dismiss [Doc. 8]. For the following reasons, the Motion is **GRANTED**.

### I. BACKGROUND FACTS

At the motion to dismiss stage, the facts alleged in the Complaint are accepted as true. Plaintiff Griffin is a dermatologist who operates a small practice in Fulton County. (Compl.¶ 3.) As a condition of service, Plaintiff requires her patients to assign their health insurance benefits to her. (*Id.*)

Sometime in 2013,[2] Plaintiff treated patient J.A., whose insurance coverage is at issue in this litigation. J.A. is a beneficia-

---

2. The Complaint avers patient J.A. presented for medical services on October 1, 2013. (Compl.¶ 16.) The documents attached the Complaint. indicate that the patient who signed those documents received services on August 22, 2013. (*Id.* at 16–18.)

ry of a Habitat-sponsored group health benefit plan (the "Plan") governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. ch. 18. (*Id.* ¶ 3).[3] Plaintiff submitted a claim to Habitat's claims administrator, Blue Cross Blue Shield Healthcare Plan of Georgia, Inc. ("BCBSHP Georgia"), but was not paid what she was owed. (*Id.* ¶ 17.) Plaintiff went through both level one and level two appeals, and was unsuccessful at each. (*Id.* ¶¶ 18–25.) Both appeals also requested plan documentation, the identity of and contact information for the plan administrator, and other coverage-related information. Plaintiff never got any of it: not the money and not the information. (*Id.* ¶¶ 21, 24, 25.)

Plaintiff's Complaint contains four counts against Habitat, all of which are styled as ERISA violations. Count One alleges failure to pay the correct amount of benefits. Count Two alleges a breach of fiduciary duty by continuing to delegate claims administration duties to Habitat's claims administrator, Blue Cross Blue Shield Healthcare Plan of Georgia ("BCBSHP Georgia"), even when Habitat knew or should have known that BCBSHP Georgia was performing inadequately. Count Three alleges failure to provide plan documents upon request, and Count Four claims Habitat breached its "contractual obligations to the Plaintiff as recognized by ERISA" that Plaintiff be provided a full and fair appeal review. Habitat has moved to dismiss all claims.

## II. LEGAL STANDARD

This Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1216 (3d ed.2002); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Duke v. Cleland,* 5 F.3d 1399, 1402 (11th Cir.1993). Plaintiff need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955).

## III. DISCUSSION

Defendant Habitat moves to dismiss all ERISA-based violations under Rule 12(b)(6). Habitat argues that Plaintiff lacks standing to bring any ERISA-based

---

**3.** Plaintiff has attached numerous documents to her Complaint and Defendant has attached the relevant plan documentation to its Motion to Dismiss. None of this documentation is disputed. Those documents therefore are properly before the Court on a motion under Federal Rule of Civil Procedure 12(b)(6). *Brooks v. Blue Cross and Blue Shield of Florida, Inc.,* 116 F.3d 1364 (11th Cir.1997) ("[W]here the plaintiff refers to certain docu-

ments in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." (citing *Venture Assoc. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir.1993)).

claim against it because the documents that govern the Plan at issue contain an unambiguous anti-assignment clause. Plaintiff responds that the assignment that grants her standing to bring her ERISA claims should be permitted because Georgia insurance law allows for such assignments.

### A. Count 1

The Eleventh Circuit has long since resolved any question about the effectiveness of an anti-assignment clause as it pertains to an ERISA claim for unpaid benefits. *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.,* 371 F.3d 1291, 1294–1296 (11th Cir.2004). In *Physicians Multispecialty Group,* a healthcare provider obtained an assignment of benefits from the estate of a deceased participant in an ERISA-governed plan. *Id.* at 1293. When the plan did not pay as much as the provider believed it was owed for services rendered to the deceased, the provider sued for unpaid benefits under 29 U.S.C. § 1132(a)(1)(B)—the same provision under which Plaintiff Griffin brings Count 1 of her Complaint. The assignment issue was not fully briefed or decided by the district court, and summary judgment was granted in favor of the provider. *Id.*

The Court of Appeals reversed. After the issue *was* fully briefed, the Eleventh Circuit held that an ERISA-governed healthcare plan may prohibit the assignment of benefits to a third-party, including to a healthcare provider. Specifically, the court stated:

Under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), two categories of persons exist who can sue for benefits under an ERISA-governed plan: plan beneficiaries and plan participants. Healthcare providers ... are generally not "participants" or "beneficiaries" under ERISA and thus lack independent standing to sue under ERISA. Health-

care providers may acquire derivative standing, however, by obtaining a written assignment from a "beneficiary" or "participant" of his right to payment of benefits under an ERISA-governed plan.

. . .

[But because] ERISA-governed plans are contracts, the parties are free to bargain for certain provisions in the plan–like assignability. Thus, an unambiguous anti-assignment provision in an ERISA-governed welfare benefit plan is valid and enforceable.

*Id.* at 1294–1296 (citations omitted).

The anti-assignment clause considered in *Physicians Multispecialty Group* was found to be unambiguous. It read:

Except as applicable law may otherwise require, no amount payable at any time hereunder shall be subject in any manner to alienation by ... assignment ... of any kind[ ]. Any attempt to ... assign ... any such amount, whether presently or hereafter payable, shall be void....

*Id.* at 1295. As the clause was unambiguous, it precluded the healthcare provider's "maintenance of an ERISA action." *Id.* at 1296. *See also Ward v. Ret. Bd. of Bert Bell/Pete Rozelle NFL Player Ret. Plan,* 643 F.3d 1331, 1333–34 (11th Cir.2011) (holding same and citing Physicians Multispecialty Group).

The anti-assignment clause at issue here is similarly unambiguous. While it does not appear to prohibit the assignment of benefits, it does prohibit assignment of the right to file a lawsuit to enforce the beneficiary's rights. The clause reads, in pertinent part:

Assignment to providers

No covered employee or his or her dependent may at any time, either while covered under the plan or following ter-

mination of coverage, assign his right to sue to recover benefits under the plan, to enforce rights due under the plan, or any other causes of action that her or she may have against the plan or its fiduciaries.

(Doc. 8–2 at 60.) Under *Physicians Multispecialty Group*, this unambiguous anti-assignment clause is valid and enforceable.

Plaintiff appears to have received two assignments from J.A. The first, an assignment of benefits only, reads:

> I ... hereby assign and convey directly to [W.A. Griffin, M.D./Intown Dermatology], as my designated Authorized Representative(s), all medical benefits and/or insurance reimbursement.

(Doc. 1 at 18.) The second, an assignment of grievance, appeal, and external review rights, reads:

> Purpose of this approval: [t]o allow an individual to act as my Authorized Representative in carrying out a grievance or appeal, including any external review rights that may be available to me.

(Doc. 1 at 40.) The second assignment of the ability to exercise "external review rights" could be interpreted as providing the foundation for an assertion of standing before this Court. But these assignments, to the extent they provide Plaintiff with a basis for standing in this case, are exactly what is prohibited by the Plan's unambiguous anti-assignment clause. Under *Physicians Multispecialty Group*, the Plan's anti-assignment clause precludes Plaintiff's "maintenance of an ERISA action" based on impermissible assignments.[4] *Physicians Multispecialty Group*, 371 F.3d at 1296.

Plaintiff responds that Georgia law, and specifically O.C.G.A. § 33–24–54, requires the recognition of assignments of benefits in insurance contracts. Even if O.C.G.A. § 33–24–54 could be read to mandate the recognition of assignments, *Physicians Multispecialty Group* implicitly recognized ERISA preemption of any such state law. *Physicians Multispecialty Group*, 371 F.3d at 1295 ("Considering this issue, we are persuaded by the reasoning of the majority of federal courts that have concluded that an assignment is ineffectual if the plan contains an unambiguous anti-assignment provision.") (citing *St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue Shield of Kan., Inc.*, 49 F.3d 1460, 1464–65 (10th Cir.1995) ("We conclude that ERISA preempts state law on the issue of the assignability of benefits because material provisions in the employee benefits plans covered by ERISA would be directly affected if Kansas law were to be interpreted as prohibiting restrictions on assignment."); *Davidowitz v. Delta Dental Plan of California, Inc.*, 946 F.2d 1476, 1480–81 (9th Cir.1991) (holding Congressional intent "to allow the free marketplace to work out such competitive, cost effective, medical expense reducing structures as might evolve" militated against requiring ERISA plans to recognize assignments); *Neurological Res., P.C. v. Anthem Ins. Companies*, 61 F.Supp.2d 840, 845–46 (S.D.Ind.1999) (granting summary judgment for defendant insurance companies on ERISA claims based on plans containing anti-assignment clauses because " 'ERISA instructs courts to enforce strictly the terms of plans, *see* 29 U.S.C. § 1104(a)(1)(D) and *Central States, South-*

---

4. The Court also notes that the second assignment appears to have expired on August 22, 2014, (Doc. 1 at 40), and this lawsuit was not filed until February 6, 2015. (*See* Compl.) Patient J.A. had the option of terminating the assignment either one year from the date of execution or "[a]t the conclusion of the appeals process." (Doc. 1 at 40.) J.A. chose the one year option. So even if the assignment were not prohibited by the Plan's anti-assignment clause, it likely expired prior to the filing of Plaintiff's Complaint.

east and Southwest Areas Pension Fund v. Gerber Truck Service, Inc., 870 F.2d 1148 (7th Cir.1989) (en banc), [and therefore] an assignee cannot collect unless he establishes that the assignment comports with the plan.' *Kennedy v. Connecticut General Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir.1991).")); *but see Louisiana Health Serv. & Indem. Co. v. Rapides Healthcare Sys.*, 461 F.3d 529, 540 (5th Cir.2006) (taking a contrary view of the congressional silence on assignment of benefits in ERISA and stating, "congressional silence points in both directions: either leaving assignment of employee welfare benefits to the parties or leaving room for state regulation, should a state desire to intervene."). Accordingly, Count 1 is **DISMISSED WITHOUT PREJUDICE** for lack of standing.

### B. Counts 2, 3, and 4

Counts 2, 3, and 4 also must be dismissed. Plaintiff's only justifications for her assertion of standing as to these counts—namely, the assignments—have been invalidated or shown to have expired. (*See supra* n.3.) Plaintiff has not offered and the Court cannot imagine any basis for standing other than the invalid or expired assignments. As a result, Defendant's Motion to Dismiss is **GRANTED** as to

Plaintiff's ERISA claims in Counts 2, 3, and 4 as well.[5] These counts are **DISMISSED WITHOUT PREJUDICE** for lack of standing.[6]

Though all claims have now been dismissed, one last point is worth mentioning. Plaintiff argues that Defendant has "turned this process into a circus show," (Doc. 10 at 2), when Defendant suggested that the proper defendant to this action is BCBSHP Georgia, all the while citing another of Dr. Griffin's cases in which BCBSHP Georgia was found *not* to be a proper Defendant. Plaintiff fails to appreciate that the same actor can play different rolls under the big top. In this case, BCBSHP Georgia is Habitat's Claims Administrator. In the other case, BCBSHP Georgia was not the claims administrator, but merely a local liaison that passed along information to the claims administrator in that case, BCBS Alabama. *Griffin v. Blue Cross and Blue Shield Healthcare Plan of Ga., Inc., et al.*, No. 1:14–cv–1610–AT, 153 F.Supp.3d 1390, 1392–93, Doc. 33 at 2–3, 2015 WL 9920814 (N.D.Ga. April 24, 2015). In that other case, BCBSHP Georgia had no authority to make benefits determinations or to decide appeals. (*Id.*). BCBSHP Georgia's status in this case—as the undisputed Claims Administrator who

---

**5.** For reasons that are obvious from the Complaint, the Court construed Plaintiff's breach of contract claim as an ERISA claim and found Plaintiff did not have standing to bring that claim. Nothing in this Order should be interpreted to preclude Plaintiff from attempting to bring purely state law claims against any liable entity. *See In re Managed Care Litig.*, 298 F.Supp.2d 1259, 1293 (S.D.Fla. 2003) (discussing at length ERISA preemption differences between the state law claims of Assignee Non–Participating Providers and Non–Participating, Non–Assignee Providers and finding that the latter are not necessarily preempted) (citing *Lordmann v. Equicor*, 32 F.3d 1529 (11th Cir.1994)). In addition, nothing in this Order should be interpreted to preclude Plaintiff from recovering from her

patients, the recipients of her medical interventions. *See Cagle v. Bruner*, 112 F.3d 1510, 1515 (11th Cir.1997) ("If provider-assignees cannot sue the ERISA plan for payment, they will bill the participant or beneficiary directly for the insured medical bills, and the participant or beneficiary will be required to bring suit against the benefit plan when claims go unpaid.").

**6.** Plaintiff also has moved for leave to amend her complaint to add one additional ERISA claim for breach of a co-fiduciary under 29 U.S.C. § 1105. (Doc. 12–1 at 15.) For the above reasons, this amendment would be futile. Plaintiff's Motion to Amend [Doc. 12] is **DENIED**.

does have the authority to perform both of those functions—is materially different.

Plaintiff, who is not a lawyer, has done a respectable job of litigating her claims without the assistance of counsel. But the law governing ERISA claims is complex and, at times, virtually incomprehensible to all but the most studied and skilled. Asking one company for documents as opposed to another, or bringing a claim for unpaid benefits against the plan administrator instead of the claims administrator, can make or break a case. Perhaps most frustratingly for Plaintiff, there might be no easy way for an aggrieved party to know which company is which without the benefit of some discovery or a thorough understanding of the law. As a society, we might think that is wrong. Right or wrong, though, this Court is bound by the law as it is written by the legislative branch and interpreted by the Supreme Court and the Eleventh Circuit Court of Appeals. And under that law, this case must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. 8] is **GRANTED,** and Plaintiff's Motion for Leave to Amend the Complaint to add an additional ERISA claim [Doc. 12] is **DENIED.** All of Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for lack of standing. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 29th day of July, 2015.