W.A. GRIFFIN, MD, pro se, Plaintiff,

v.

**LOCKHEED MARTIN CORPORATION,**
**Defendant.**

CIVIL ACTION NO. 1:15–cv–0267–AT

United States District Court,
N.D. Georgia, Atlanta Division.

Signed 07/29/2015

W. A. Griffin, W. A. Griffin, MD, Atlanta, GA, pro se.

Patrick Lee Lail, Tracy Lynn Glanton, Elarbee, Thompson, Sapp & Wilson, LLP, Atlanta, GA, for Defendant.

## ORDER

Amy Totenberg, United States District Judge

This matter, one of a series of actions brought by Dr. Griffin,[1] is before the Court on Defendant Lockheed Martin Corporation's ("Lockheed") Motion for Judgment on the Pleadings [Doc. 8]. For the

1. All of the cases in this series contain similar allegations against similarly-situated defendants. *See Griffin v. Blue Cross and Blue Shield Healthcare Plan of Ga., Inc., et al.,* No. 1:14–cv–1610–AT (N.D. Ga. filed May 28, 2014); *Griffin v. Southern Company Servs., Inc.,* No. 1:15–cv–0115–AT (N.D. Ga. filed Jan. 14, 2015); *Griffin v. SunTrust Bank, Inc.,* No. 1:15–cv–0147–AT (N.D. Ga. filed Jan. 16, 2015); *Griffin v. FOCUS Brands Inc.,* No. 1:15–cv–0170–AT (N.D. Ga. filed Jan. 20, 2015); *Griffin v. Health Sys. Mgmt., Inc.,* No. 1:15–cv–0171–AT (N.D. Ga. filed Jan. 20, 2015); *Griffin v. Lockheed Martin Corp.,* No. 1:15–cv–0267–AT (N.D. Ga. filed Jan. 28, 2015); *Griffin v. Gen. Mills, Inc.,* No. :15–cv–0268–AT (N.D. Ga. filed Jan. 28, 2015); *Griffin v. Oldcastle, Inc.,* No 1:15–cv–0269–AT (N.D. Ga. filed Jan 28, 2015); *Griffin v. Habitat for Human. Int'l, Inc.,* No. 1:15–cv–0369–AT (N.D. Ga. filed Feb. 6, 2015); *Griffin v. Verizon Comm., Inc.,* No. 1:15–cv–0569–AT (N.D. Ga. filed Feb. 26, 2015).

following reasons, the Motion is **GRANTED**.

## I. BACKGROUND FACTS

At the motion to dismiss stage, the facts alleged in the Complaint are accepted as true. Plaintiff Griffin operates a solo dermatology practice called Intown Dermatology. (Compl.¶ 3.) As a condition of service, Plaintiff requires her patients to assign their health insurance benefits to her, and Plaintiff received "an assignment of benefits for the claim at issue in this litigation." (Id.)

On October 25, 2013, Plaintiff administered medical care on patient TS, whose insurance coverage is at issue in this litigation. (Id. ¶ 20.) TS is a beneficiary of a Lockheed-sponsored, self-funded group health benefit plan (the "Plan") governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. ch. 18. (Id. ¶¶ 4, 12). Plaintiff was not paid what she believes she is owed for services rendered to TS and seeks $7,159.00 in unpaid benefits as well as other relief. (Id. at 17.)

Plaintiff's Complaint contains three counts against Lockheed, all of which are styled as ERISA violations. Count 1 alleges failure to pay the correct amount of benefits. Count 2 alleges breach of fiduciary duty by continuing to delegate claims administration duties to Lockheed's claims administrator, Blue Cross Blue Shield Healthcare Plan of Georgia ("BCBSHP Georgia"), even when Lockheed knew or should have known that BCBSHP Georgia was performing inadequately. Count 3 alleges Lockheed "breached the employee healthcare plan as contracted by the beneficiary and Lockheed Martin recognized under ERISA Section 502(a), 29 U.S.C. 1132(a), which requires a claim provide a full and fair appeals process." (Id. ¶ 47.)

## II. LEGAL STANDARD

"Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998) (citing Fed. R. Civ. P. 12(c)). The legal standard for assessing a motion for judgment on the pleadings under Rule 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6). *Id.*; *Roma Outdoor Creations, Inc v. City of Cumming, Ga.*, 558 F.Supp.2d 1283, 1284 (N.D.Ga.2008).

This Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1216 (3d ed.2002); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir.1993). Plaintiff need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955).

## III. DISCUSSION

Defendant Lockheed moves to dismiss all counts under Rule 12(c). Lockheed argues that it is not liable for Count One's underpayment of benefits claim because it does not have the authority under the plan to determine benefits. As to the other two counts, Lockheed argues that Plaintiff's assignment of benefits does not grant her standing to assert those claims. Plaintiff responds that the assignment should be considered broad enough to cover assignment of the right to bring her other ERISA claims.

### A. Count 1

■ Count 1 alleges Lockheed is liable for improper denial of benefits under 29 U.S.C. § 1132(a)(1)(B). Defendant contends it cannot pay the benefits sought because the authority to decide claims and appeals has been delegated to BCBSHP Georgia under the relevant Plan documentation.[2] Plaintiff contends that Defendant, the Plan Administrator, does have the authority to pay the benefits sought.

■ An entity is a proper defendant under § 1132(a)(1)(B) only if it has the discretion to award the benefits at issue. "[T]he relief provided in an action to recover benefits under [§ 1132(a)(1)(B) ] of ERISA is equitable, not legal [;] ... the relief consists of an order directing a person or entity *having the necessary authority* under the benefit plan to pay the participant the benefit that he seeks." *Hunt v. Hawthorne Assocs.*, 119 F.3d 888, 906–07 (11th Cir.1997) (emphasis added); *see also Brucks v. Coca–Cola Co.*, 391 F.Supp.2d 1193, 1213 (N.D.Ga.2005) (citing *Hunt*, 119 F.3d at 906–08). In *Hunt*, the

Eleventh Circuit held a trust administrative committee could not be held liable under § 1132(a)(1)(B) where the committee was delegated limited administrative duties and did not have the discretion to issue or deny payment of benefits under the plan at issue there. *Id.* at 908–09. The court was not persuaded to abandon this rule even considering the fact that the party that *could* issue those benefits—the Plan Administrator—had already been dismissed with prejudice, and therefore the relief may not have been available at all. *Id.* at 910–11.

Similarly, in *Peters v. Hartford Life & Acc. Ins. Co.*, 579 Fed.Appx. 866 (11th Cir.2014), the employer was dismissed because all discretionary claims administration functions were delegated to the insurer, Hartford. The Eleventh Circuit found "no reversible error," *id.* at 867, in the district court's finding that Hartford was "the only proper party for [a failure to pay benefits] claim" because it was "the named fiduciary for the payment of benefits" and was granted "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy." *Peters v. Hartford Life & Acc. Ins. Co.; Wal–Mart Stores, Inc.*, No. 1:07–cv–1226–SLB, Doc. 17 at 2–3 (N.D. Ala. Nov. 2, 2007). And in *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir.1997), the third-party claims administrator was dismissed because it had *not* been delegated any discretionary authority. In that case, the employer was solely liable because the "proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." *Id.*

---

2. The Court considers the documentation attached to Defendant's Answer as incorporated into the pleadings because the documents are: (1) central to Plaintiff's claims; and (2) not in dispute. *See Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir.2002) (holding the incorpo-

ration by reference doctrine "must apply for Rule 12(c) purposes to documents attached to answers just as it applies for Rule 12(b)(6) purposes to documents attached to motions to dismiss.").

Finally, in determining the related question of whether a claims administrator is an ERISA fiduciary and therefore subject to suit for failure to pay benefits, the Eleventh Circuit found the employer:

> did no more than "rent" the claims processing department of [the insurance company] to review claims and determine the amount payable "in accordance with the terms and conditions of the Plan." [The employer] reserved the right to review any and all claim denials. An insurance company does not become an ERISA "fiduciary" simply by performing administrative functions and claims processing within a framework of rules established by an employer, especially if, as in this case, the claims processor has not been granted the authority to review benefits denials and make the ultimate decisions regarding eligibility.

*Baker v. Big Star Div. of the Grand Union Co.*, 893 F.2d 288, 290 (11th Cir.1989) (citations omitted).

Lockheed argues that all discretionary authority related to claims and appeals thereof has been delegated to BCBSHP Georgia under the Plan documentation. The Plan documents support this view. The Master Welfare Benefit Document provides that the Plan Administrator, Lockheed, "will have full power to administer the Plan in all of its details" *except* "as otherwise specifically set forth" in a summary plan description ("SPD"). (Doc. 4–1 at 5.) That power includes the ability to "decide all questions concerning the Plan and the eligibility of any person to participate in or receive benefits under the Plan (except to the extent responsibility has been assigned to an applicable Claims Administrator for a Benefit Program through an SPD or otherwise[) ]." (*Id.* at 6.)

The SPD for the plan at issue names BCBS Georgia, not Lockheed, as a Claims Administrator for claims made under the relevant health plan, the health maintenance organizations ("HMO"). (Doc. 4–2 at 130.) The SPD goes on to explain what responsibilities have been delegated to the Claims Administrator:

> [BCBS Georgia] is responsible for determining whether benefits are payable under the Plan, determining the amount of benefits payments, if any, and deciding appeals of denied claims for benefits [ ]. In carrying out these functions, including conducting a full and fair review of denied claims, [BCBS Georgia] has the full discretionary authority to interpret and construe the terms of the Plan and to decide questions related to the payment of benefits. *The decision of [BCBS Georgia] shall be final and binding to the full extent permitted by law.*

(*Id.* at 133 (emphasis added).)

It is clear from the plan documentation that Lockheed utilized its authority as Plan Administrator to delegate to BCBS Georgia full and final authority to make claims decisions and decide appeals of those decisions. Lockheed retained no authority in this respect. Under *Hunt, Peters,* and *Garren,* a claim for unpaid benefits under 29 U.S.C. § 1132(a)(1)(B) cannot stand against Lockheed, as it does not have "the necessary authority under the benefit plan to pay the participant the benefit that he seeks." *Hunt,* 119 F.3d at 907. Defendant's Motion is therefore GRANTED as to Count 1, and that Count is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

**B. Counts 2 and 3**

■ Defendant argues that Counts 2 and 3 should be dismissed because Plaintiff's assignment of benefits does not grant her standing to pursue those claims. Plaintiff responds that the assignment of benefits is, in fact, broad enough. Plaintiff attaches the alleged assignment of benefits to her Response.

In the Complaint and in her briefs, Plaintiff repeatedly refers to the "assignment of benefits" that she received from TS. (*See* Compl. ¶¶ 3, 22.) An assignment of benefits does not confer standing to seek claims for civil penalties or for breach of fiduciary duty. In the Eleventh Circuit, "[a]ssignment agreements are generally interpreted narrowly." *Sanctuary Surgical Ctr., Inc. v. Aetna Inc.*, 546 Fed.Appx. 846, 851 (11th Cir.2013) *cert. denied sub nom. Sanctuary Surgical Ctr., Inc. v. Aetna Health, Inc.*, —— U.S. ——, 134 S.Ct. 1557, 188 L.Ed.2d 559 (2014). And under a narrow reading, the assignment of mere "benefits" under the Plan does not provide Plaintiff with the right to bring a claim against the Plan for failure to produce documents—or any other claim for civil penalties under ERISA.

Plaintiff's contention that the assignment covers more than benefits is without merit. To start, the Complaint does not allege that it is anything more than an "assignment of benefits." Moreover, looking at the document itself, the Court finds it is as Plaintiff and Defendant describe: an assignment of benefits. The form is titled, "*Legal Assignment of Benefits* and Designation of Authorized Representative For The Release of Medical and Health Plan Documents For The Claims Processing & Reimbursement As Required by Federal and State Laws," (Doc. 11–1 at 1 (emphasis added); Doc. 1 at 21), and the statement next to the relevant tick-box that patients are required to affirmatively tick states, as quoted above, "I . . . hereby assign and convey directly to [W.A. Griffin, M.D./Intown Dermatology], as my designated Authorized Representative(s), *all medical benefits and/or insurance reimbursement.*" (*Id.* (emphasis added).) While the document does assign the right to initiate a complaint to the Insurance Commissioner, nowhere does the document assign the right to assert claims for breach of fiduciary duty or civil penalties.[3]

Put another way, "[Plaintiff's] contention stretches beyond its breaking point the plain meaning of the agreement, which assigns only the right to receive benefits and not the right to assert claims for breach of fiduciary duty or civil penalties. Because the agreements do not support [Plaintiff's] position, [she] lack[s] standing to bring claims under § 502(a)(3) and § 502(c)," as codified at 29 U.S.C. §§ 1132(a)(3) and 1132(c). *Sanctuary Surgical Ctr.*, 546 Fed.Appx. at 852.

As a result, Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's ERISA claims in Counts 2 and 3 as well.[4] These

---

3. To the extent Plaintiff might have relied upon the potential assignment, in another document, allowing "an individual to act as my Authorized Representative in carrying out a grievance or appeal, including any external review rights that may be available to me," (Doc. 1 at 23), that assignment by its own terms expired on October 11, 2014. (*Id.*) The Complaint in this action was not filed until January 28, 2015.

4. For reasons that are obvious from the Complaint, the Court construed Plaintiff's breach of contract claim as an ERISA claim and found Plaintiff did not have standing to bring that claim. Nothing in this Order should be interpreted to preclude Plaintiff from attempting to bring purely state law claims against any liable entity. *See In re Managed Care Litig.*, 298 F.Supp.2d 1259, 1293 (S.D.Fla. 2003) (discussing at length ERISA preemption differences between the state law claims of Assignee Non–Participating Providers and Non—Participating, Non—Assignee Providers and finding that the latter are not necessarily preempted) (citing *Lordmann v. Equicor*, 32 F.3d 1529 (11th Cir.1994)). In addition, nothing in this Order should be interpreted to preclude Plaintiff from recovering from her patients, the recipients of her medical interventions. *See Cagle v. Bruner*, 112 F.3d 1510, 1515 (11th Cir.1997) ("If provider-assignees cannot sue the ERISA plan for payment, they will bill the participant or beneficiary directly for the insured medical bills, and the participant or beneficiary will be required to bring

counts are **DISMISSED WITHOUT PREJUDICE** for lack of standing.[5]

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings [Doc. 8] is **GRANTED,** and Plaintiff's Motion for Leave to Amend the Complaint to add an additional ERISA claim [Doc. 13] is **DENIED.** Counts 2 and 3 are **DISMISSED WITHOUT PREJUDICE** for lack of standing. Count 1 is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 29th day of July, 2015.

suit against the benefit plan when claims go unpaid.").

**5.** Plaintiff also has moved for leave to amend her complaint to add one additional ERISA claim for breach of a co-fiduciary under 29 U.S.C. § 1105. (Doc. 13–1 at 17.) For the above reasons, this amendment would be futile. Plaintiff's Motion to Amend [Doc. 13] is DENIED.