W.A. GRIFFIN, MD, pro se, Plaintiff,

v.

HUMANA EMPLOYERS HEALTH PLAN OF GEORGIA, INC., and Infinity Technology Consulting, Inc., Defendants.

CIVIL ACTION NO. 1:15–CV–3574–AT

United States District Court,
N.D. Georgia, Atlanta Division.

Signed 03/08/2016

W.A. Griffin, MD, Atlanta, GA, pro se.

Dorothy Cornwell, Kenton Jones Coppage, Smith Moore Leatherwood, LLP, Tashwanda Colleen Pinchback, Balch &

Bingham LLP, Atlanta, GA, for Defendants.

## ORDER

Amy Totenberg, United States District Judge

This matter, one of a series of actions brought by Dr. Griffin,[1] is before the Court on Defendant Infinity Technology Consulting's ("ITC") Motion for Attorney's Fees [Doc. 13].

## I. ENTITLEMENT TO FEES

 Defendant seeks attorney's fees only under ERISA's fee-shifting provision.

---

1. Almost all of the cases in this series contain similar ERISA-based allegations against similarly-situated defendants (barring just a couple of the later-filed cases, which also contain claims for discrimination based on race, gender, and age). *See Griffin v. Blue Cross and Blue Shield Healthcare Plan of Ga., Inc., et al.,* No. 1:14–cv–1610–AT (N.D.Ga. filed May 28, 2014); *Griffin v. S. Co. Servs., Inc.,* 157 F.Supp.3d 1277, No. 1:15–CV–00115–AT, 2015 WL 9920815 (N.D.Ga. May 12, 2015) *aff'd sub nom. Griffin v. S. Co. Servs.,* 635 Fed.Appx. 789, No. 15–12135, 2015 WL 9487798 (11th Cir. Dec. 30, 2015) (per curiam); *Griffin v. SunTrust Bank, Inc.,* 157 F.Supp.3d 1294, No. 1:15–CV–0147–AT, 2015 WL 9942046 (N.D.Ga. May 29, 2015); *Griffin v. Focus Brands, Inc.,* 157 F.Supp.3d 1266, No. 1:15–CV–00170–AT, 2015 WL 9920818 (N.D.Ga. May 12, 2015) *aff'd,* No. 15–12137, 635 Fed.Appx. 796, 2015 WL 9487801 (11th Cir. Dec. 30, 2015) (per curiam); *Griffin v. Health Sys. Mgmt., Inc.,* 157 F.Supp.3d 1282, No. 1:15–CV–00171–AT, 2015 WL 9920821 (N.D.Ga. May 12, 2015) *aff'd,* No. 15–12138, 635 Fed.Appx. 768, 2015 WL 9466968 (11th Cir. Dec. 29, 2015) (per curiam); *Griffin v. Lockheed Martin Corp.,* 157 F.Supp.3d 1271, No. 1:15–CV–0267–AT, 2015 WL 9920820 (N.D.Ga. July 29, 2015); *Griffin v. Gen. Mills, Inc.,* 157 F.Supp.3d 1288, No. 1:15–cv–0268–AT (N.D.Ga. filed May 13, 2015), *aff'd,* No. 15–12157, 634 Fed.Appx. 281, 2015 WL 9466979 (11th Cir. Dec. 29, 2015) (per curiam); *Griffin v. Oldcastle, Inc.,* No 1:15–cv–0269–AT (N.D. Ga. filed Jan 28, 2015); *Grif-fin v. Habitat for Humanity Int'l, Inc.,* No. 1:15–CV–0369–AT, 157 F.Supp.3d 1301, 2015 WL 9920813 (N.D.Ga. July 29, 2015) *aff'd sub nom. Griffin v. Habitat for Humanity Int'l, Inc.,* No. 15–13516, 641 Fed.Appx. 927, 2016 WL 385893 (11th Cir. Feb. 2, 2016) (per curiam); *Griffin v. Verizon Commc'ns, Inc.,* No. 1:15–CV–0569–AT, 157 F.Supp.3d 1306, 2015 WL 9920819 (N.D.Ga. July 29, 2015) aff'd, No. 15–13525, 641 Fed.Appx. 869, 2016 WL 116598 (11th Cir. Jan. 12, 2016) (per curiam); *Griffin v. Humana Employers Health Plan of Ga., Inc.,* No. 1:15–cv–0569–AT, 157 F.Supp.3d 1306, 2015 WL 9920819, (N.D.Ga. filed Feb. 26, 2015); *Griffin v. Aetna Health Inc. et al.,* No. 1:15–cv–3750–AT (N.D.Ga. filed Oct. 26, 2015); *Griffin v. Gen. Electric Co.,* No. 1:15–cv–4439–AT (N.D.Ga. filed Dec. 22, 2015); *Griffin v. Verizon Commc'ns, Inc.,* No. 1:16–CV–0080–AT (N.D.Ga. filed Jan. 11, 2016); *Griffin v. Navistar, Inc.,* No. 1:16–cv–0190–AT (N.D.Ga. filed Jan. 21, 2016); *Griffin v. Humana Emp'rs Health Plan of Ga., Inc.,* No. 1:16–cv–0245–AT (N.D.Ga. filed Jan. 26, 2016); *Griffin v. Coca–Cola Enters., Inc.,* No. 1:16–cv–0389–AT (N.D.Ga. filed Feb. 9, 2016); *Griffin v. Sevatec, Inc.,* No. 1:16–cv–0390–AT (N.D.Ga. filed Feb. 9, 2016); *Griffin v. Cassidy Turley Commercial Real Estate Servs., Inc.,* No. 1:16–cv–0496–AT (N.D.Ga. filed Feb. 17, 2016); *Griffin v. Americold Logistics, Inc.,* No. 1:16–cv–0497–AT (N.D.Ga. filed Feb. 17, 2016); *Griffin v. Applied Indus. Techs., Inc.,* No. 1:16–cv–0552–AT (N.D.Ga. filed Feb. 23, 2016); *Griffin v. Areva, Inc.,* No. 1:16–cv–0553–AT (N.D.Ga. filed Feb. 23, 2016).

Pursuant to ERISA's fee-shifting provision, a district court, "in its discretion may allow a reasonable attorney's fee and costs of action to either party," 29 U.S.C. § 1132(g)(1) (2012), if that party achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 255, 130 S.Ct. 2149, 176 L.Ed.2d 998 (2010). This standard requires more than "trivial success on the merits" or a "purely procedural victory." *Id.*

 Once it is established that a party had "some degree" of success, the Eleventh Circuit "require[s] district courts to consider five factors when deciding whether to award fees to a prevailing party:

(1) the degree of the opposing parties' culpability or bad faith;

(2) the ability of the opposing parties to satisfy an award of attorney's fees;

(3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances;

(4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; [and]

(5) the relative merits of the parties' positions."

*AirTran Airways, Inc. v. Elem,* 767 F.3d 1192, 1201 (11th Cir.2014) (quoting *Free-*

*man v. Continental Ins. Co.,* 996 F.2d 1116, 1119 (11th Cir.1993)). "No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address in applying Section 502(g)." *Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255, 1266 (5th Cir.1980).[2]

 While no factor is decisive and some may not be apropos, there may be other factors that a Court should consider in a particular case. As explained by the current Fifth Circuit,

> *Bowen* makes clear that ... the list of five factors to be considered in an ERISA § 502(g) attorneys' fees case is a non-exhaustive, *ejusdem generis* list ("[A] court should consider *such factors as* the following [five factors].... [I]n any individual case, however, *other considerations may be relevant as well.*").

*Riley v. Adm'r of Supersaver 401K Capital Accumulation Plan for Employees of Participating AMR Corp. Subsidiaries,* 209 F.3d 780, 782 (5th Cir.2000) (emphasis in original) (footnote omitted).

As for success on the merits, "[t]here is no doubt that the Defendant[s] achieved 'some degree of success on the merits' as this Court [dismissed all of] Plaintiff's claims." *DeBartolo v. Health & Welfare Dep't of the Const. & Gen. Laborers' Dist. Council of Chicago & Vicinity,* No. 09 CV 0039, 2011 WL 1131110, at *1 (N.D.Ill.

---

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981. To the extent Plaintiff might have argued that a heightened standard should be applied to a Defendant seeking fees against an ERISA plaintiff, the

Former Fifth Circuit declined to apply the *Christianburg Garment* distinction between prevailing plaintiffs and defendants to claims for attorney's fees under ERISA. *Bowen,* 624 F.2d at 1266 n. 24 (5th Cir.1980) (discussing *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)).

Mar. 28, 2011) (dismissing plaintiff's claims at summary judgment based in part on lack of a valid assignment and granting attorney's fees); *see also Griffin v. Gen. Mills, Inc.,* No. 1:15–CV–0268–AT, 157 F.Supp.3d 1350, 1353–54, 2016 WL 354431, at *3 (N.D.Ga. Jan. 15, 2016). For some relevant background into the success on the merits, Plaintiff did not respond to either of the Defendants' Motions to Dismiss. Unbeknownst to the Court, Plaintiff wrote to Defendants about her decision not to oppose these motions:

> The purpose of this email [is] to let you know that I will not be responding to your motions to dismiss. I have reason to believe [that] all of my cases have been fixed. Thus, no point in wasting my time writing a response when the cases already have a *predetermined* outcome.

(Doc. 13–1 at 2 (emphasis in original).) The Court granted Defendants' Motions to Dismiss as unopposed and because they were based upon proper legal authority. (Doc. 11 at 2 ("[T]he Court—having decided most of the issues raised in the Motions multiple times in Dr. Griffin's other cases and having been affirmed multiple times by the Eleventh Circuit as to the anti-assignment issue that is central to the majority of the claims in this case—finds that the Motions are based upon proper legal authority."). ITC thus obtained success on the merits.

■ Moving on to the five factors, an award of attorney's fees is proper in this case and is supported by at least four of the factors. (1) Plaintiff shows some degree of bad faith by continuing to file these carbon-copy lawsuits, and that degree only grows with every other suit that is dismissed and decision that is affirmed on appeal. (2) The Court has no doubt that Plaintiff can satisfy an award of some amount of attorney's fees, since, according to the Court's calculation and as Defendant points out, she has spent upward of $20,000 in filing fees alone in this series of cases. (3) An award of attorney's fees against Plaintiff might deter Plaintiff and others from continuing to file identical claims where the claims are asserted against the wrong party or have no viable basis under existing ERISA precedent. This factor weighs somewhat in favor of an award because, in this case, for the first time, Plaintiff amended her complaint to include both the claims administrator and the plan administrator. (4) The relative merits of the parties' positions is by now quite clear. After a thorough review of the record in this case and balancing all of the factors to be considered when awarding fees to the prevailing party, the Court finds that an award of fees pursuant to 29 U.S.C. § 1132(g)(1) is appropriate in this case.

## II. CALCULATION OF FEES

■ "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Adjustments to that fee then may be made as necessary in the particular case." *Blum v. Stenson,* 465 U.S. 886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (citation omitted). Defendant argues it is entitled to $4,402.50 in attorney's fees for the services of Balch & Bingham LLP. Defendant submitted a declaration of Ms. Tashwanda Pinchback Dixon to evidence that the following factors went into calculating that amount:

1) Mr. Kimble, a partner and 29–year ERISA litigator, spent 1.5 hours on the case at a rate of $455.00/hour.

2) Ms. Dixon, an associate, spent 12.3 hours on the case at a discounted rate of $300.00/hour.

(Affidavit of Tashwanda Pinchback Dixon, Doc. 13–2.)

ITC's Motion to Dismiss served solely as a supplement to the arguments made by Defendant Humana in its Motion to Dismiss the Amended Complaint. There wasn't much to supplement; the legal argument section in ITC's Motion to Dismiss was all of two pages and two lines long. (*See* Doc. 9 at 4–6.) And even that section—discussing whether Plaintiff had requested the plan documentation from the correct party—could have been much shorter by simply referring to prior orders of the Court where it decided the same issue in other Griffin cases. *See, e.g., Griffin v. Blue Cross & Blue Shield,* 157 F.Supp.3d 1255, 1258–59, 2015 WL 9942603, at \*3 (N.D.Ga. Mar 12, 2015). Given the brevity of Defendant ITC's Motion to Dismiss, perhaps it should come as no surprise that ITC spent significantly more time on its Motion for Attorney's Fees than on its Motion to Dismiss. The Court notes that in other cases—even other Griffin cases—prevailing defendants have opted not to seek fees at all for time spent drafting the motion for fees. *See Griffin v. Gen. Mills,* 157 F.Supp.3d at 1355–56, 2016 WL 354431, at \*5 ("Defendant does not seek fees associated with filing this motion for attorney's fees.") Accordingly, the Court finds that an award of $4,402.50 is outside the spectrum of appropriate attorney's fees for ITC's involvement in this case. The Court awards half of that amount—$2,201.25—as a reasonable fee, commensurate with the work actually required and posture of related cases and orders that Defendant could have relied on to economize attorney's fees.

## III. CONCLUSION

The Court understands Plaintiff's strong concern and frustration regarding the functioning of the insurance industry and the way it has treated her. That doesn't change the fact that the law provides sometimes narrow bases for having those complaints addressed. Given (1) the Eleventh Circuit's repeated rulings in Dr. Griffin's series of cases; (2) the narrow scope of ERISA rights and remedies available here; and (3) Dr. Griffin's own statements cited above, the Court is troubled that Dr. Griffin is placing herself in this Court on a repetitive treadmill that will continue to produce the same frustration and costs.

In this connection the Court makes two additional notes about Dr. Griffin's responses to the Motion for Fees. First, there is nothing "fake" about the anti-assignment defenses that have been raised by the parties in prior cases and accepted both by this Court and by the Eleventh Circuit. (Doc. 14 at 2.) For Plaintiff to make such a comment is evidence that she does not understand the basic structure of the applicable law—which is one very good reason that she should find herself an attorney who can wisely counsel her about the pros and cons of continuing to pursue this line of litigation.

Second, it is not "the court's duty to line the pockets of this Plaintiff with statutory penalties." (*Id.* at 5.) This Court has repeatedly held—and the Eleventh Circuit has repeatedly affirmed—that even if Plaintiff's assignments were not rendered invalid by the health plans' respective anti-assignment clauses, those assignments still would not be sufficient to permit her to bring a claim for statutory penalties. *See, e.g., Griffin v. Gen. Mills,* 634 Fed.Appx. at 285, 2015 WL 9466979, at \*3 n. 5 ("Although the assignment transferred to Dr.

Griffin the insured's right to sue under section 502(a) of ERISA for unpaid benefits, the assignment contained no provision transferring the insured's right to assert claims for breach of fiduciary duty or civil penalties. Because the insured never assigned to Dr. Griffin the right to bring such claims, she lacks derivative standing to bring these claims under section 502 of ERISA."). Plaintiff will not likely obtain a different result in her cases until she presents the Court with different facts and brings her claims against the proper parties. And she likely, in turn, will face more requests for attorney's fees.

Defendant ITC's Motion for Attorney's Fees [Doc. 13] is **GRANTED** and Plaintiff is **ORDERED** to pay directly to Defendant ITC, within 40 days, $2,201.25 in attorney's fees.

IT IS SO ORDERED this 8th day of March, 2016.