W.A. GRIFFIN, M.D., pro se, Plaintiff,

v.

SEVATEC, INC., Defendant.

CIVIL ACTION NO. 1:16-CV-0390-AT

United States District Court, N.D. Georgia, Atlanta Division.

Signed July 1, 2016

Filed July 5, 2016

W.A. Griffin, M.D., Atlanta, GA, pro se.

R. Carl Cannon, Constangy, Brooks, Smith & Prophete, LLP, Atlanta, GA, for Defendant.

## ORDER

Amy Totenberg, United States District Judge

This matter, one of a series of actions brought *pro se* by Dr. Griffin,[1] is before

---

1. Almost all of the cases in this series contain similar ERISA-based allegations against similarly-situated defendants (barring just a couple of the later-filed cases, which also contain claims for discrimination based on race, gender, and age). *See Griffin v. Blue Cross and Blue Shield Healthcare Plan of Ga., Inc., et al.,* No. 1:14–cv–1610–AT (N.D.Ga. filed May 28, 2014); *Griffin v. S. Co. Servs., Inc.,* 157 F.Supp.3d 1277 (N.D.Ga.2015) *aff'd sub nom. Griffin v. S. Co. Servs.,* 635 Fed.Appx. 789 (11th Cir.2015) (per curiam); *Griffin v. Sun-Trust Bank, Inc.,* 157 F.Supp.3d 1294 (N.D.Ga.2015); *Griffin v. Focus Brands, Inc.,* 157 F.Supp.3d 1266 (N.D.Ga.2015) *aff'd,* 635 Fed.Appx. 796 (11th Cir.2015) (per curiam); *Griffin v. Health Sys. Mgmt., Inc.,* 157 F.Supp.3d 1282 (N.D.Ga.2015) *aff'd,* 635 Fed. Appx. 768 (11th Cir.2015) (per curiam); *Griffin v. Lockheed Martin Corp.,* 157 F.Supp.3d 1271 (N.D.Ga.2015); *Griffin v. Gen. Mills, Inc.,* No. 1:15–cv–0268–AT (N.D.Ga. filed Jan. 28, 2015), *aff'd,* 634 Fed.Appx. 281 (11th Cir. 2015) (per curiam); *Griffin v. Oldcastle, Inc.,* No 1:15–cv–0269–AT (N.D.Ga. filed Jan 28, 2015); *Griffin v. Habitat for Humanity Int'l, Inc.,* 157 F.Supp.3d 1301 (N.D.Ga.2015) *aff'd sub nom. Griffin v. Habitat for Humanity Int'l, Inc.,* 641 Fed.Appx. 927 (11th Cir.2016) (per curiam); *Griffin v. Verizon Commc'ns, Inc.,* 157 F.Supp.3d 1306 (N.D.Ga.2015) *aff'd,* 641 Fed.Appx. 869 (11th Cir.2016) (per curiam); *Griffin v. Humana Employers Health Plan of Ga., Inc.,* No. 1:15–cv–0569–AT (N.D.Ga. filed Feb. 26, 2015); *Griffin v. Aetna Health Inc. et al.,* No. 1:15–cv–3750–AT (N.D.Ga. filed Oct. 26, 2015); *Griffin v. Gen. Electric Co.,* No. 1:15–cv–4439–AT (N.D.Ga. filed Dec. 22, 2015); *Griffin v. Verizon Commc'ns, Inc.,* No. 1:16–CV–0080–AT (N.D.Ga. filed Jan. 11, 2016); *Griffin v. Navistar, Inc.,* No. 1:16–cv–0190–AT (N.D.Ga. filed Jan. 21, 2016); *Griffin v. Humana Emp'rs Health Plan of Ga., Inc.,* No. 1:16–cv–0245–AT (N.D.Ga. filed Jan. 26, 2016); *Griffin v. Coca-Cola Enters., Inc.,* No. 1:16–cv–0389–AT (N.D.Ga. filed Feb. 9, 2016); *Griffin v. Sevatec, Inc.,* No. 1:16–cv–0390–AT (N.D.Ga. filed Feb. 9, 2016); *Griffin v. Cassidy*

the Court on Rule 11 grounds. Fed. R. Civ. P. 11. The Court held a hearing on June 28, 2016 to explain Rule 11 and its implications to Dr. Griffin and to hear her side of the story. The Court explained the potential future Rule 11 sanctions set forth below and informed Dr. Griffin that a written order would follow. This is that Order.

Rule 11(b)(2) states: "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: [ ] the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" Fed. R. Civ. P. 11. The 1983 Advisory Committee's Note to Rule 11 addressed the issue of parties proceeding *pro se*, stating in part, "[a]lthough the standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings, the court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations." Advisory Committee's Notes on 1983 Amendments to Fed. R. Civ. P. 11, 28 U.S.C. App., p. 8.

Those "special circumstances" of *pro se* litigation often cause courts to impose a somewhat lower standard on the *pro se* litigant, requiring more of a frivolity showing before issuing Rule 11 sanctions against them. The Seventh Circuit described its reasoning and standard as follows:

In a civil case, where there is no right to appointment of counsel, courts naturally are more lenient when it comes to assessing against litigants not represented by counsel sanctions for frivolous litigation than they are in the case of litigants who do have counsel. A layman cannot be expected to realize as quickly as a lawyer would that a legal position has no possible merit, and it would be as cruel as it would be pointless to hold laymen who cannot afford a lawyer—which so far as appears is [the pro se plaintiff's] position—to a standard of care that they cannot attain even with their best efforts. Nevertheless, **when a layman persists in a hopeless cause long after it should have been clear to him, as a reasonable (though not law-trained) person, that his cause was indeed hopeless, sanctions should be imposed, as this and other courts have frequently done in "tax protester" and other frivolous pro se suits. It is no defense that the pro se litigant may not have thought his cause hopeless; we cannot peer into a litigant's mind; it is enough that a reasonable person in his position would have known that he had no basis for challenging the district court's decision.**

*Bacon v. Am. Fed'n of State, Cty., & Mun. Employees Council*, No. 13, 795 F.2d 33, 34–35 (7th Cir.1986) (internal citations omitted) (emphasis added). From Dr. Griffin's perspective, she is pursuing these claims in an effort to instill fairness and justice in the medical insurance system, which she views as neither fair nor just. The Court recognizes and well understands that perspective. But a reasonable person in Dr. Griffin's position would know by now that the legal claims she has presented have no viability in the Eleventh Circuit.

*Turley Commercial Real Estate Servs., Inc.,* No. 1:16–cv–0496–AT (N.D.Ga. filed Feb. 17, 2016); *Griffin v. Americold Logistics, Inc.,* No. 1:16–cv–0497–AT (N.D.Ga. filed Feb. 17, 2016); *Griffin v. Applied Indus. Techs., Inc.,* No. 1:16–cv–0552–AT (N.D.Ga. filed Feb. 23, 2016); *Griffin v. Areva, Inc.,* No. 1:16–cv–0553–AT (N.D.Ga. filed Feb. 23, 2016).

■ The Eleventh Circuit condones Rule 11 sanctions placed on *pro se* litigants by assessing fees and placing restrictions on their filings as appropriate in a given case. The Circuit has explained the limits of such sanctions as follows:

The only restriction this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be "completely foreclosed from *any* access to the court." *Procup v. Strickland*, 792 F.2d [1069] at 1074 [ (11th Cir.1986) ] (emphasis in original). This Court has upheld pre-filing screening restrictions on litigious plaintiffs. *Copeland v. Green*, 949 F.2d 390 (11th Cir.1991); *Cofield v. Alabama Public Serv. Comm.*, 936 F.2d 512, 517–18 (11th Cir.1991). This Court has also stressed that, "[c]onsiderable discretion necessarily is reposed in the district court" when it drafts such orders. *Procup v. Strickland*, 792 F.2d at 1074.

*Martin–Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir.1993). And while "courts cannot construct blanket orders that completely close the courthouse doors to those who are extremely litigious[,] courts may take other, more creative, actions to discourage hyperactive litigators as long as some access to the courts is allowed." *Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 517–18 (11th Cir.1991).

Here, Dr. Griffin has filed 23 cases before this Court. All but 3 have been dismissed, almost all on the very same ground: her ability to bring her ERISA claims are based on an assignment that is not valid because the plan at issue contains a clear and unambiguous anti-assignment provision. The Eleventh Circuit has affirmed all 8 *Griffin* cases it has decided, almost all on this ground.

■ At the hearing on June 28, the Court explained to Dr. Griffin that whether or not the Court agrees with binding Supreme Court and Eleventh Circuit

precedent, it is bound to apply the legal principles established by such precedent in interpreting ERISA's provisions and applying these to Plaintiff's claims. The Eleventh Circuit has affirmed the Court—again and again, albeit in unpublished decisions—explaining that the Court had indeed gotten the law correct. While other Circuits may have different standards regarding ERISA assignments of benefits, the standard applied by this Court has been consistent with Eleventh Circuit rulings and repeatedly affirmed. And under that standard, Dr. Griffin does not state a claim for relief under the statute if the ERISA plan at issue contains a clear and unambiguous anti-assignment provision, or if the plan places certain conditions on an assignment, *e.g.*, prior written consent of the plan, and Dr. Griffin does not allege that she satisfies those conditions.

Dr. Griffin responded at the hearing that she understands she will not receive any relief in this Circuit, so will not file any more cases here and will go—indeed, has gone—to other courts to vindicate her rights.

The Court replied that she is fully entitled to file her claims in any court. But the Court then explained that, should she file another one of these carbon-copy, ERISA denial of benefits lawsuits in this Court again, the Court will immediately file a Docket Management Order in that case that addresses Rule 11 concerns as well as the problem of excessive attorney's fees charged by some of the counsel for duplicative work in the *Griffin* cases in the following ways:

1. It will inform the parties of the issues that have been decided by this Court and the Eleventh Circuit (the "Decided Issues").

2. The defendant will be directed to immediately (within 10 days) give Dr. Griffin the plan documents at issue

and file a certificate of service on the docket.

3. All deadlines in the case will be stayed for 14 days from the date of service of the documents in # 2 while Dr. Griffin determines if the plan documentation, in conjunction with the Decided Issues, precludes her claim. If so, she should voluntarily dismiss her complaint within 17 days of the defendant's filing of its certificate of service under # 2. If she does so, no fees will be awarded.

4. If Dr. Griffin does not dismiss her complaint, any motion to dismiss based on any of the Decided Issues will have a page limit of 7 pages. No reply brief filed by a defendant in such cases shall exceed 5 pages unless the defendant receives prior permission of the Court.

5. The Court will award fees if the defendant prevails based on one of the Decided Issues.

The Court made clear that this mechanism would be applied to carbon-copy cases only. The Court at all times retains discretion to award fees or decline to award fees if, for example, the future case is somehow materially different.

**IT IS SO ORDERED** this 1st day of July, 2016.